Ariadne Panagopoulou (AP-2202)
**Pardalis & Nohavicka, LLP**
35-10 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicholas Nesbeth, ) | |
|  ) | Civil Case No.: |
| *Plaintiff*, ) | |
|  ) | |
| -v- ) | **COMPLAINT** |
|  ) | |
| The Besen Group LLC d/b/a NYC ) Management, Hamilton Heights Cluster ) Associates, L.P., and Alex Adreu, *jointly and* ) *severally*, ) |  |
|  ) | |
| *Defendants*. ) | |

## NATURE OF THE ACTION

1. Plaintiff Nicholas Nesbeth (hereinafter "Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned minimum wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, and failure to provide statutorily required wage statements and wage notices.

**SUMMARY**

2.  Plaintiff was employed by Defendants, The Besen Group LLC d/b/a NYC Management, Hamilton Heights Cluster Associates, L.P., and Alex Adreu (collectively hereinafter "Defendants"), to work as a porter.

3.  Plaintiff worked for Defendants from approximately August 2010 to January 2016.

4.  Plaintiff reported to David Burns, who was the on-site designated janitor, throughout the duration of Plaintiff's employment with Defendants.

5.  Throughout his employment, Defendants have repeatedly paid Plaintiff below the applicable minimum wage rate. In addition, Defendants never paid Plaintiff any overtime wages at a rate of one and one-half times his regular rate of pay.

6.  Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees lawful compensation by knowingly violating the FLSA and NYLL.

7.  As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

8.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
### Plaintiff

**Nicholas Nesbeth**

11. Plaintiff Nicholas Nesbeth ("Plaintiff") is an adult individual residing in the state of New York, county of New York.

12. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13. Plaintiff worked for the Defendants at the following building locations: 505 W 142nd Street, New York, NY 10031; 115 Hamilton Place, New York, NY 10031; 531 West 145st Street, New York, NY 10031; 504 W 142nd Street New York, NY 10031 and; 542 W 140th Street New York, NY 10031 from on or about August 2010 to January 2016.

14. The five building locations described above comprised collectively of approximately 80 residential units and five commercial units. The Plaintiff was responsible for performing duties in relation to all these premises.

15.     Plaintiff was hired by Alex Adreu, who, upon information and belief, is owner and manager of the Corporate Defendants.

16.     Plaintiff was employed by the Defendants as a porter and his duties included taking out garbage, stocking and cleaning bathroom facilities, and mopping and sweeping the premises, in accordance with David Burns' instructions, the building's designated janitor.

17.     Plaintiff regularly handled goods in interstate commerce, such as cleaning products purchased outside the State of New York.

18.     Throughout his employment with Defendants, Plaintiff worked five (5) days per week, Monday through Friday. On Tuesday and Thursday Plaintiff was required to work from 6 a.m. to 6 p.m. and every Monday, Wednesday and Friday Plaintiff was required to work from 6 a.m. to 5 p.m. Plaintiff used to take a half an hour lunch break every workday.

19.     Plaintiff also worked 3-hour shifts every Saturday and Sunday throughout his employment with the Defendants.

20.     As such, Plaintiff was averaging approximately sixty (60) hours per week.

21.     Throughout Plaintiff's employment with Defendants, Defendants did not operate any system whereby Plaintiff would clock in and out nor utilized any other system to record Plaintiff's hours of work.

22.     From the beginning of his employment until approximately the end of 2014, Plaintiff was incorrectly designated as an Independent contractor and paid at a flat salary rate of $840.00 bi-weekly, irrespective of the number of hours worked.

23.     From on or about January 2015 to the end of his employment with the Defendants, Plaintiff was classified as an employee and paid a gross salary of $923.08 bi-weekly, irrespective of the number of hours worked.

24. At all times, Defendants paid Plaintiff below minimum wage.

25. Defendants never compensated Plaintiff for the overtime hours he worked at the rate of one and one-half times his regular rate of pay.

26. Defendants controlled Plaintiff's work throughout his employment with them, provided him with all the tools and cleaning supplies he needed to perform his duties and supervised his work.

27. Specifically, David Burns, the buildings' designated janitor who also resided at the premises of 531 West 145st Street, New York, would assign Plaintiff with duties on a daily basis.

28. During the entire period of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

29. Defendants failed to provide Plaintiff with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

30. Plaintiff was never provided with wage statements or other records detailing, *inter alia*, Plaintiff's regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked at any point during the time of his employment with Defendants.

31. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

32. Plaintiff consented in writing to be a party to the FLSA claims in this action,

pursuant to 29 U.S.C. § 216(b).

**Defendants**

33. At all relevant times, Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a. Defendants all suffered or permitted Plaintiff to work.

    b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c. Defendants each have an economic interest in the locations in which Plaintiff and similarly situated employees worked.

    d. Defendants all simultaneously benefitted from Plaintiff's work.

    e. Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

    f. Plaintiff and similarly situated employees performed work integral to the Defendant's operation.

34. In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

**Hamilton Heights Cluster Associates, L.P.**

35. Hamilton Heights Cluster Associates, L.P. is a domestic Limited Partnership, formed on December 16, 1998, organized and existing under the laws of the State of New York, located at 505 West 142nd Street, New York, NY 10031. They also have four other office

locations in New York County: 115 Hamilton Place (Block 2074/Lot 30), New York, NY; 504 West 142nd Street ( Block 2073/Lot 25), New York, NY; 529-532 West 145th Street (Block 2077/Lot 13-12), New York, NY; 542 West 140th Street (Block 2071/Lot 56), New York, NY.

36.     Upon information and belief, Defendant Hamilton Heights Cluster Associates, LP was at all relevant times the owner of the building situated at 505 W 142nd Street, New York, NY 10031, where Plaintiff worked as a porter.

37.     At all relevant times throughout Plaintiff's employment, Hamilton Heights Cluster Associates, L.P.  had the discretionary power to create and enforce personnel decisions on behalf of the Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

38.      At all relevant times, Hamilton Heights Cluster Associates, L.P. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

39.     At all relevant times, Hamilton Heights Cluster Associates, L.P. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

40.     At all relevant times, Hamilton Heights Cluster Associates, L.P. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Hamilton Heights Cluster Associates, L.P. conducted business with other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

41.     Upon information and belief, at all relevant times, Hamilton Heights Cluster Associates, L.P.'s annual gross volume of sales made, or business done, was not less than

$500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**The Besen Group LLC d/b/a NYC Management**

42. The Besen Group LLC d/b/a NYC Management is a domestic limited liability company, formed on May 22, 2014, organized and existing under the laws of the State of New York. The Besen Group LLC d/b/a NYC Management operates at two locations, at 381 Park Avenue South, New York, New York 10016 and at 765 Morris Park Avenue, Bronx, New York 10462.

43. The Besen Group LLC d/b/a NYC Management is an investment sales brokerage firm, offering property management services, financing and investment advice to property owners.

44. Due to charges of embezzlement against Hamilton Heights Cluster Associates, LP, the Court appointed Gregory Somas as a receiver for the premises. In or around July 2015, the appointed receiver hired Defendant The Besen Group LLC d/b/a NYC Management to manage the premises located at 381 Park Avenue South, New York, New York 10016.

45. At all relevant times throughout Plaintiff's employment, The Besen Group LLC d/b/a NYC Management had the discretionary power to create and enforce personnel decisions on behalf of the Defendants, including but not limited to hiring and terminating employees; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

46. At all relevant times, The Besen Group LLC d/b/a NYC Management was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

47. At all relevant times, The Besen Group LLC d/b/a NYC Management was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). The Besen Group d/b/a NYC Management conducted business with other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

48. Upon information and belief, at all relevant times, The Besen Group LLC d/b/a NYC Management annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Alex Adreu**

49. Upon information and belief, at all relevant times, Alex Adreu ("Adreu") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

50. At all relevant times throughout Plaintiff's employment, Adreu had the discretionary power to create and enforce personnel decision on behalf of Corporate Defendants, including but not limited to: hiring, terminating, disciplining and training employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and/or otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

51. Upon information and belief, Adreu made the initial decision to misclassify Plaintiff as an independent contractor, thereby attempting to deny him the benefits that the law affords to employees.

9

52. At all relevant times throughout Plaintiff's employment, Adreu was involved in the day-to-day operations of Corporate Defendants.

53. At all relevant times throughout Plaintiff's employment, Adreu was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

54. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

56. At all times relevant, Defendants have been employers of Plaintiff, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

57. Defendants were required to pay directly to Plaintiff the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

58. Defendants failed to pay Plaintiff his earned minimum wages for all hours worked to which he was entitled to under the FLSA.

59. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, in addition to liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §

216 (b).

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

61. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

62. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evidencing Defendants' lack of good faith.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**

64. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

65. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

66. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which he was employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that he worked in excess of forty (40) hours per workweek.

67. Instead, Defendants paid Plaintiff a flat salary every two weeks, irrespectively of the number of hours worked.

68. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### New York Labor Law – Minimum Wage

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

70. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

71. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

72. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

73. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 142-2.1 and/or 12 N.Y.C.R.R. Part 141-1.3.

74. Defendants have failed to pay Plaintiff at the statutorily required minimum wage rate.

75. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 et seq., and the supporting

New York State D.O.L. regulations.

76. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

77. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

79. The overtime wage provisions as set forth in NYLL §§ 190 et seq. and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

80. Defendants have failed to pay Plaintiff proper overtime wages which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2 and/or 12 N.Y.C.R.R. Part 141-1.4.

81. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

82. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

83. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring or at any point thereafter

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

85. Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

86. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

88. Defendants have failed to provide Plaintiff with wage statements listing, *inter alia*, Plaintiff's regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked in violation of NYLL § 195(3).

89. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. An order tolling the statute of limitations;

B. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

C. Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D. Unpaid minimum wages and overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

E. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or any time thereafter pursuant to NYLL § 198 (1-b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

H. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M. Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       August 18, 2017

                                              Respectfully submitted,
                                              **PARDALIS & NOHAVICKA, LLP**

                                By:    /s/Ariadne Panagopoulou
                                        Ariadne Panagopoulou (AP-2202)
                                        *Attorneys for Plaintiff*
                                        35-10 Broadway, Suite 201
                                        Astoria, New York 11106
                                        Tel: 718.777.0400 | Fax: 718.777.0599
                                        Email: ari@pnlawyers.com

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **NYC Management Corp.** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated: 7/11/2017

Astoria, New York

*N. Nesber*

Signature

Nicholas Nesber

Print Name

505 wt 142 St Apt 322 NY NY 10031

Address

347 344 8850

Telephone